Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>   Plaintiff<br><br>vs.<br><br>FEEL THE WORLD, INC<br>D/B/A XERO SHOES<br><br>   Defendant | Case No. 3:26-cv-1<br><br>CLASS ACTION COMPLAINT<br>TCPA (47 U.S.C. § 227)<br>DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT
AND DEMAND FOR JURY TRIAL**

**Preliminary Statement**

1. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

1

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      The Plaintiff brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Xero Shoes violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, by making telemarketing calls without the accurate provision of Caller ID Name (CNAM).

## Parties

4. Plaintiff Leon Weingrad has a 503- telephone number associated with this District, in Clackamas County.

5. Defendant Feel the World, Inc. is a Delaware corporation with its headquarters and principal place of business in Colorado.

## Jurisdiction & Venue

6. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

7. The Court has specific personal jurisdiction over Defendant because Defendant directed its conduct into Oregon by texting individuals with Oregon telephone numbers, including those, like Plaintiff, possessing 503- area code numbers, which are associated with this District.

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

## The Telephone Consumer Protection Act

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The National Do Not Call Registry</u>

10. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.

*See* 47 C.F.R. § 64.1200(c)(2).

11. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.</u>

13. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

14. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

15. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**Factual Allegations**

16. Plaintiff Weingrad is, and at all times mentioned herein was, a natural person.

17. Plaintiff's telephone number, (503) XXX-XXXX, is a non-commercial telephone number not associated with any business.

18. Plaintiff uses the telephone number for personal, residential, and household purposes only.

4

19. Plaintiff does not use the number for business purposes and has never used it in connection with any business.

20. Plaintiff never consented to receive telemarketing text messages from Defendant Xero Shoes.

21. In fact, On November 6, 2025, the Plaintiff indicated to Defendant that it was likely communicating with a wrong number, but the messages continued, including multiple messages for months after he indicated it was a wrong number.

22. Plaintiff indicated that the messages were not intended for him and that he did not wish to receive them.

23. Plaintiff's response clearly communicated that Plaintiff was not the intended recipient and did not wish to receive further text messages.

24. Plaintiff never did business with Defendant Xero Shoes and never knowingly provided Defendant with his telephone number.

25. Despite that fact, Plaintiff received at least 16 telemarketing text message calls from Defendant from the telephone number and transmitted the Caller ID, in the form of both CPN and ANI, as 65099 between September 27, 2025 and at least December 2025.

26. The messages continue through the filing of this suit.

27. It is not possible to call that 65099 number back to lodge a Do Not Call request during regular business hours.

28. It is not possible to send a text message to that number and lodge a Do Not Call request during regular business hours, as Plaintiff did so and was ignored.

29. Nor will anybody texting or calling that telephone number receive an alternate number to call to lodge a Do Not Call request during regular business hours.

30. As such, the caller ID information transmitted along with the text message did not transmit a telephone number that permits "any individual to make a do-not-call request during regular business hours."

31. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

32. The text messages promoted Defendant Xero Shoes' products, discounts, limited-time offers, holiday sales, and online shopping opportunities, for example:

- 10/16/2025 4:01:14 PM 65099 Xero Shoes: Fall savings, going fast. 15% off sitewide-new Alpine boots included. Limited time. Shop now: xeroshoes.attn.tv/ arsJ822znOVK

- 11/20/2025 4:55:19 PM 65099 Xero Shoes: 30% off select Xero styles ends soon! Sizes are going fast. Shop now before your favorites sell out: xeroshoes.attn.tv/aA9iDuCZYrjm

- 12/03/2025 1:05:28 PM 65099 Xero Shoes: ENDS TONIGHT: Doorbusters starting at $15 AND 25% Off everything else. Shop Now: xeroshoes.attn.tv/aV7V90h3AZLt

- 12/07/2025 3:35:23 PM 65099 Xero Shoes: 30% Off Select Fan Favorites. Prio Neo, Wynn, X1 Mid & more are on sale now. Shop before the sale ends: xeroshoes.attn.tv/a-nPHwPwCixV

33. The messages advertised various promotions, including percentage-off promotions, sitewide sales, doorbuster offers, gift guides, and shipping promotions, and included shortened hyperlinks directing Plaintiff to Defendant's website.

34. The messages were sent for the purpose of encouraging the purchase of Defendant's footwear and related products.

35. Despite that communication that Defendant was contacting a wrong number, Defendant continued sending telemarketing text messages to Plaintiff.

36. Defendant sent additional promotional messages to Plaintiff on November 13, 2025; November 16, 2025; November 20, 2025 (twice); November 22, 2025; November 24, 2025; November 27, 2025; November 28, 2025; December 1, 2025; December 3, 2025; December 7, 2025; and December 12, 2025.

37. The continued messages included promotional sales alerts, holiday discounts, urgency-based offers, and links encouraging immediate purchases.

38. Plaintiff never consented to receive messages from Defendant.

39. Plaintiff never requested that the messages continue.

40. The text message calls were unwanted.

41. The calls constituted repeated, nonconsensual intrusions upon Plaintiff's cellular telephone.

42. The calls occupied Plaintiff's phone storage and bandwidth and disrupted Plaintiff's daily activities.

43. Plaintiff found the messages frustrating, annoying, and intrusive.

44. The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of his cellular telephone.

45. The calls were sent to generate sales, increase traffic to Defendant's website, and promote Defendant's products and brand.

46. Defendant used its trade name, trademarks, branding, promotional language, and website links in the text messages.

47. Defendant benefitted from the messages by promoting sales, advertising products, and driving consumer engagement.

48. Defendant continued sending messages despite Plaintiff's clear indication that the messages were unwanted.

49. Plaintiff was harmed by Defendant's conduct because the repeated, unwanted text message calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied his cellular telephone's storage and bandwidth, disrupted his daily activities, and interfered with the use and enjoyment of his cellular telephone.

## Class Action Statement

50. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

51. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3) and Oregon Local Rule 23-2.

52. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Xero Shoes goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) which either (a) did not

transmit a CPN or ANI at all or (b) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

**Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) but who received more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

53. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

54. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

55. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

56. This Class Action Complaint seeks injunctive relief and money damages.

57. The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

58. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

59. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

60. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

61. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

62. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

   a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

   b. whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class;

   c. whether Defendant transmitted CPN or ANI, and whether that CPN or ANI would have allowed a called party to lodge a do not call request during regular business hours;

   d. Whether Defendant's conduct constitutes a violation of the TCPA; and

   e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

63. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

64. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

65. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class

members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

66. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

67. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act
(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

68. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

69. The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

70. Defendant's violations were negligent, willful, or knowing.

71. As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

11

72. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

### SECOND CAUSE OF ACTION

**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

73. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

74. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

75. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

76. Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without proving a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours.

77. These violations were willful or knowing.

78. As a result of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID

transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

79. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

### THIRD CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

80. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

81. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

82. Defendant's violations were negligent, willful, or knowing.

83. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on

the National Do Not Call Registry in the future, to a number which had previously asked to stop, or without the transmission of Caller ID information required by law in the future;

      B.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

      C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

      D.      Attorneys' fees and costs, as permitted by law; and

      E.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

                                        Plaintiff,
                                        By Counsel,

Dated: January 1, 2026

                                        s/Andrew Roman Perrong
                                        Andrew Roman Perrong, OSB No. 243320
                                        a@perronglaw.com
                                        Perrong Law LLC
                                        2657 Mount Carmel Avenue
                                        Glenside, PA 19038
                                        215-225-5529
                                        Lead Attorney for Plaintiff and the Proposed Class