Shawn Larsen-Bright, OSB 130051
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
(206) 903-8800
larsen.bright.shawn@dorsey.com

Christopher G. Karagheuzoff (pro hac vice
forthcoming)
karagheuzoff.christopher@dorsey.com
Christopher Paolino (pro hac vice forthcoming)
paolino.christopher@dorsey.com
John Mixon (pro hac vice forthcoming)
Mixon.John@dorsey.com
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200

*Attorneys for Defendant Feel the
World, Inc. d/b/a Xero Shoes*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FEEL THE WORLD, INC. d/b/a XERO SHOES,<br><br>Defendant. | Civ. No. 3:26-cv-00001-SB<br><br>**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS AND/OR STRIKE** |

<u>**REQUEST FOR JUDICIAL NOTICE**</u>

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Feel the World, Inc.

d/b/a Xero Shoes ("Xero Shoes" or "Defendant") respectfully requests that the Court take judicial

notice of certain documents in connection with Xero Shoes' motion to (1) dismiss Plaintiff's putative class action Complaint (Dkt. 1) in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6); or, alternatively, (2) to dismiss or strike Plaintiff's class allegations pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f), respectively, as facially uncertifiable ("Motion").

First, Xero Shoes requests that the Court take judicial notice of the text messages between Xero Shoes and Plaintiff Leon Weingrad ("Plaintiff" or "Weingrad"), which are included in the log ("Text Message Log") that is attached as Exhibit 1 to the Declaration of Andrew Sega, sworn to on March 16, 2026 ("Sega Dec.").

Second, Xero Shoes requests that the Court take judicial notice of (1) Plaintiff's prior declaration, sworn to on March 5, 2025, that he filed in another Telephone Consumer Protection Act ("TCPA") lawsuit in the United States District Court for the Middle District of Pennsylvania (*Weingrad v. QuoteWizard.com, LLC*, NO. 1:25-cv-00002-YK, Dkt. 16-2 (M.D. Pa.)); and, (2) the Memorandum of Law in Support of Defendant Quotewizard.Com, LLC's Motion to Compel Arbitration filed in that same action ("Motion to Compel") (*id*. at Dkt. 5-1).  These documents are attached as Exhibits A and B to the Christopher G. Karagheuzoff, sworn to on March 17, 2026 ("Karagheuzoff Dec.").

Third, Xero Shoes requests that the Court take judicial notice of the 32 other TCPA complaints that Plaintiff has filed in various United States District Courts ("Weingrad Complaints").  Below is a list of the 32 Weingrad Complaints, which are hyperlinked:[1]

---

[1] Given the volume of the Weingrad Complaints, these complaints are listed and individually hyperlinked, rather than attached as exhibits.  Should the Court prefer that Xero Shoes file each of the Weingrad Complaints as separate exhibits, Xero Shoes is willing to do so.

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

| | |
|---|---|
| Weingrad Complaint No. 1 | *Leon Weingrad v. Denny's Inc.*, 3:26-cv-00342-JR, Dkt. 1 (D. Or.) |
| Weingrad Complaint No. 2 | *Leon Weingrad v. Block Equity Group LLC*, 2:24-cv-02618-GRB-AYS, Dkt. 1 (E.D.N.Y.) |
| Weingrad Complaint No. 3 | *Leon Weingrad v. BuyerLink Inc.*, 3:24-cv-02114-IM, Dkt. 1 (D. Or.) |
| Weingrad Complaint No. 4 | *Leon Weingrad v. CHW Group, Inc.*, 3:25-cv-00370-HZ, Dkt. 1 (D. Or.) |
| Weingrad Complaint No. 5 | *Leon Weingrad v. National Health Enrolment Centre*, 2:23-cv-05114-GEKP, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 6 | *Leon Weingrad v. PosiGen Developer, LLC*, 2:24-cv-06503, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 7 | *Leon Weingrad v. RFR Capital LLC*, 2:24-cv-02636-JDW, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 8 | *Leon Weingrad v. Tier One Insurance Company*, 4:25-cv-00124-CDL, Dkt. 1 (M.D. Ga.) |
| Weingrad Complaint No. 9 | *Leon Weingrad v. Westmount Funding LLC*, 2:24-cv-03705, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 10 | *Leon Weingrad v. Synergy BPO LLC*, 4:24-cv-00610-P, Dkt. 1 (E.D. Tex.) |
| Weingrad Complaint No. 11 | *Leon Weingrad v. Slingshot Enterprises Inc.*, 2:24-cv-03736, Dkt. 1 (E.D.N.Y.) |
| Weingrad Complaint No. 12 | *Leon Weingrad v. Premium Merchant Funding One, LLC*, 2:24-cv-06247, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 13 | *Leon Weingrad v. New York Tribeca Group LLC*, 2:25-cv-06450, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 14 | *Leon Weingrad v. K9 Bookkeeping, LLC*, 1:24-cv-06256, Dkt. 1 (S.D.N.Y.) |
| Weingrad Complaint No. 15 | *Leon Weingrad v. IBAN Global LLC*, 2:24-cv-04212, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 16 | *Leon Weingrad v. Exact Care Pharmacy, LLC*, 2:25-cv-01843, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 17 | *Leon Weingrad v. Direct Health Solutions Insurance Agency LLC*, 0:24-cv-62282-MD, Dkt. 1 (S.D. Fla.) |
| Weingrad Complaint No. 18 | *Leon Weingrad v. Baker Solutions Inc.*, 2:25-cv-01792, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 19 | *Leon Weingrad v. DH & RK Investments LLC*, 2:24-cv-05981-MEMF-MAR, Dkt. 1 (C.D. Cal.) (transferred from *Leon Weingrad v. DH & RK Investments LLC*, 9:24-cv-80701-RLR, Dkt. 1 (S.D. Fla.)) |
| Weingrad Complaint No. 20 | *Leon Weingrad v. Yelp Inc.*, 1:24-cv-01330-YK, Dkt. 1 (M.D. Pa.) |

3

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

| | |
|---|---|
| Weingrad Complaint No. 21 | *Leon Weingrad v. Top Healthcare Options Insurance Agency Inc.*, 0:24-cv-61930-JEM, Dkt. 1 (S.D. Fla.) |
| Weingrad Complaint No. 22 | *Leon Weingrad v. Ticket Takedown LLC*, 3:25-cv-01477-SB, Dkt. (D. Or.) |
| Weingrad Complaint No. 23 | *Leon Weingrad v. SmartMatch Insurance Agency, LLC*, 1:24-cv-02067-YK, Dkt. 1 (M.D. Pa.) |
| Weingrad Complaint No. 24 | *Leon Weingrad v. Quotewizard.com, LLC*, 1:25-cv-00002-YK, Dkt. 1 (M.D. Pa.) |
| Weingrad Complaint No. 25 | *Leon Weingrad v. QuoteLab, LLC*, 2:23-cv-05007, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 26 | *Leon Weingrad v. LifeWave, Inc.*, 3:25-cv-00752-AN, Dkt. 1 (D. Or.) |
| Weingrad Complaint No. 27 | *Leon Weingrad v. Fund Mate, LLC*, 2:24-cv-04716, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 28 | *Leon Weingrad v. Franchise Creator, LLC*, 1:25-cv-22746-CMA, Dkt. 1 (S.D. Fla.) |
| Weingrad Complaint No. 29 | *Leon Weingrad v. First American Home Warranty Corporation*, 2:24-cv-05488, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 30 | *Leon Weingrad v. EverQuote, Inc.*, 1:26-cv-10197, Dkt. 1 (D. Mass.) |
| Weingrad Complaint No. 31 | *Leon Weingrad v. DaBella Exteriors LLC*, 3:25-cv-00396-SI, Dkt. 1 (D. Or.) |
| Weingrad Complaint No. 32 | *Leon Weingrad v. Business Capital LLC*, 2:25-cv-06344, Dkt. 1 (E.D. Pa.) |

## I.    The Text Message Log

The Court should judicially notice and consider the contents of the text messages between Plaintiff and Xero Shoes in the Text Message Log (Sega Dec., Ex. 1) because those messages are incorporated by reference in the Complaint.  Specifically, Plaintiff quotes these messages in the Complaint, he relies on them as the basis for his TCPA claims, and the Text Message Log includes the full record of messages between the parties.

The Ninth Circuit has held that documents and materials referenced in a complaint are incorporated by reference and therefore proper for judicial notice on a motion to dismiss.  *See Cotto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the

4

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance."); *see also Friedman v. AARP, Inc.*, 855 F.3d 1047, 1051 (9th Cir. 2017) ("[E]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

In *Epps v. Earth Fare, Inc.*, 2017 WL 1424637 (C.D. Cal. Feb. 27, 2017), the court took judicial notice of a similar log of text messages between a TCPA plaintiff and defendant (No. 2:16-cv-08221-SJO-SS, Dkt. 24-3, pp. 31-34), reasoning that:

> [T]he Court takes judicial notice of the text message log…because Plaintiff cites excerpts from and refers to these messages in the FAC…. It is in the interest of justice for the Court to take judicial notice of the text message log because it is a full record of the messages—including Defendant's opt-out instructions, notably omitted from Plaintiff's FAC—that form the basis of Plaintiff's claims.

*Id*., at *2 (citations omitted).

This Court considered a call transcript between a TCPA plaintiff and defendant on similar grounds on a motion under Rule 12(b)(1), 12(b)(6), and 12(f). *See Murch v. GPS Cap. Markets, LLC*, 2025 WL 2466576, at *2, n.3 (D. Or. June 6, 2025), *report and recommendation adopted in part, rejected in part on other grounds*, 2025 WL 2770190 (D. Or. Sept. 26, 2025) ("The Court finds that it is appropriate to consider Murch's call transcript as incorporated by reference into her complaint based on her quotations from the call in the complaint and reliance on the call's content as the basis for her claim.") (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("The [incorporation-by-reference] doctrine prevents plaintiffs from selecting only

5

portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.") (other citations omitted).

Here, there can be no dispute that the messages between the parties in the Text Message Log are referred to in the Complaint (Complaint, ¶ 32), form the basis of Plaintiff's claims and are relevant (*see generally* Complaint), and that the Text Message Log provides a full record of the parties' communications – including Plaintiff's repeated interactions with Xero Shoes and Xero Shoes' instructions on how to submit a do-not-call request, which are notably omitted from the Complaint.  *See Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1167, n. 17 (9th Cir. 2019) ("[T]he policy underlying the incorporation by reference doctrine is to '[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.'") (citation omitted).

There also can be no dispute regarding the Text Message Log's authenticity; Plaintiff sent or received these messages between Xero Shoes and him.  *See*, *e.g.*, Complaint, ¶ 32.  Further, in support of the Motion and this request for judicial notice, Xero Shoes submits the Sega Declaration contemporaneously herewith, which authenticates the Text Message Log and attests to its accuracy and completeness.

**II.    The Motion to Compel and Plaintiff's Prior Declaration in *QuoteWizard.com***

The Court should judicially notice and consider the Motion to Compel and Plaintiff's prior declaration in *Weingrad v. QuoteWizard.com*.  Karagheuzoff Dec., Exs. A-B.  "Documents filed in district courts are matters of public record and therefore proper subjects of judicial notice." *Miller v. Arizona Beverages USA LLC*, 2024 WL 5339466, at *1 (N.D. Cal. June 5, 2024); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial

6

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

notice of court filings and other matters of public record."); *Thomas v. Adler*, 439 F. App'x 662, 663 (9th Cir. 2011) ("We grant the government's request that we take judicial notice of the documents filed in Thomas's previous action in the United States District Court for the District of Oregon.").

The Court should consider the Motion to Compel insofar as it establishes Plaintiff's full, unredacted 503-area code number that was at issue in *QuoteWizard.com*. Karagheuzoff Dec., Ex. B, pp. 1, 3. Plaintiff's 503-area code number in *QuoteWizard.com* is identical to Plaintiff's 503-area code number that is at issue in this case ("503 Number"), as set forth in the Text Message Log. *Compare* Karagheuzoff Dec., Ex. B, pp. 1, 3 *with* Sega Dec., ¶ 3, Ex. 1.

Regarding Plaintiff's prior declaration in *QuoteWizard.com*, the Court should consider Plaintiff's judicial admission – "declare[d] under penalty of perjury under the laws of the United States of America" – that "[Plaintiff] obtained the 503-XXX-XXXX number in July of 2024. It has been [his] number continually since that time." Karagheuzoff Dec., Ex. A, ¶6, p. 6; *Hornberger v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2015 WL 13310465, at \*3 (C.D. Cal. Jan. 22, 2015), *aff'd*, 677 F. App'x 336 (9th Cir. 2017) ("The Court will… consider the facts included in the Declaration as judicial admissions made by Plaintiff…. As judicial admissions these facts are conclusively binding upon the Plaintiff and may be considered in a motion to dismiss."); *Naylor v. Flavan*, 2009 WL 1468708, at \*5 (C.D. Cal. May 19, 2009) (on Rule 12(b)(6) motion, considering admissions in plaintiff's declaration filed in separate action and holding that "Plaintiff's declaration under penalty of perjury in *Rainwater* constitutes a judicial admission that he was aware of that he had suffered bone density loss potentially caused by Lupron no later than the end of March 2003, following his bone density scan."); *see also supra*, pp. 6-7. This sworn

7

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

statement demonstrates that Plaintiff was the owner of the 503 Number since July 2024 – *i.e.*, during the time period when the 503 Number interacted with Xero Shoes and received Xero Shoes' repeated and clear opt-out instructions.

The Court should also consider Plaintiff's sworn statement in *QuoteWizard.com* that "I am sometimes confused or perplexed by the calls I received, some of which appear to be made looking for an individual named 'Joseph Arnold,' who I believe…was the previous person to whom my telephone number was assigned." Karagheuzoff Dec., Ex. A, ¶ 28. Here, consistent with Plaintiff's prior sworn statement, the Text Message Log includes several messages from Xero Shoes that refer to Plaintiff as "Joseph." This further demonstrates that Plaintiff's 503-area code number that is at issue in *QuoteWizard.com* is identical to the 503 Number at issue here (*i.e.*, the prior owner of Plaintiff's 503-area code number in both cases was an individual named "Joseph").

## III.    The Weingrad Complaints

The Court should judicially notice the 32 Weingrad Complaints, which Xero Shoes introduces not for the truth of their contents, but to establish the complaints' existence and the similarity of their allegations and claims to those in this case. Pleadings filed in district courts are matters of public record and therefore proper subjects of judicial notice. *Supra*, pp. 3-4, 6-7; *see also Epps*, 2017 WL 1424637, at *3.

The *Epps* court similarly took judicial notice of the plaintiff's prior TCPA complaints, where the defendant argued that plaintiff – a serial TCPA plaintiff, like Plaintiff here – "manufactured" his lawsuit. *Epps*, 2017 WL 1424637, at *3. *Epps* explained:

> The Court takes judicial notice of Exhibits 1-3, which Defendant introduces solely for their existence and the similarity of the allegations and claims with those in this matter…. These three complaints are public documents filed in the District Court for the Central District of California, which are proper matters for judicial notice.

8

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

> *See, e.g.*, *In Re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014). Without considering the truth of their contents, the Court judicially notices the fact that, including the instant action, Plaintiff filed four TCPA lawsuits in district court between November 3, 2016 and December 6, 2016…. The complaints, including the instant one, each allege that: Plaintiff consented to receive automated commercial text messages from the respective defendants, the defendant sent these messages using an ATDS, and Plaintiff subsequently withdrew consent to receive further messages but continued to receive the messages.

*Id.*, at *2.

Similar to this case, the Weingrad Complaints allege TCPA claims based on purportedly unwanted communications from the defendants in those cases. *See generally* Weingrad Complaint Nos. 1-32. Many of the complaints allege claims arising from communications to Plaintiff's telephone number, which had a 503-area code, similar to this case.[2] Certain of these complaints allege that Plaintiff started receiving the purportedly unwanted communications to the 503-area code number in July of 2024 (*Leon Weingrad v. Yelp Inc.*, 1:24-cv-01330-YK, Dkt. 1 (M.D. Pa.) (Weingrad Complaint No. 20), ¶¶ 23, 25; *Leon Weingrad v. LifeWave, Inc.*, 3:25-cv-00752-AN, Dkt. 1 (D. Or.) (Weingrad Complaint No. 26), ¶¶ 25, 29) – the same month that Plaintiff admits that he obtained the 503 Number (Karagheuzoff Dec., Ex. A, ¶6). As alleged in certain of these

---

[2] *Leon Weingrad v. Denny's Inc.*, 3:26-cv-00342-JR, Dkt. 1 (D. Or.) (Weingrad Complaint No. 1), ¶ 17; *Leon Weingrad v. BuyerLink Inc.*, 3:24-cv-02114-IM, Dkt. 1 (D. Or.) (Weingrad Complaint No. 3), ¶ 28; *Leon Weingrad v. CHW Group, Inc.*, 3:25-cv-00370-HZ, Dkt. 1 (D. Or.) (Weingrad Complaint No. 4), ¶ 26; *Leon Weingrad v. Tier One Insurance Company*, 4:25-cv-00124-CDL, Dkt. 1 (M.D. Ga.) (Weingrad Complaint No. 8), ¶ 16; *Leon Weingrad v. Exact Care Pharmacy, LLC*, 2:25-cv-01843, Dkt. 1 (E.D. Pa.) (Weingrad Complaint No. 16), ¶ 18; *Leon Weingrad v. Yelp Inc.*, 1:24-cv-01330-YK, Dkt. 1 (M.D. Pa.) (Weingrad Complaint No. 20), ¶ 16; *Leon Weingrad v. SmartMatch Insurance Agency, LLC*, 1:24-cv-02067-YK, Dkt. 1 (M.D. Pa.) (Weingrad Complaint No. 23), ¶ 19; *Leon Weingrad v. Quotewizard.com, LLC*, 1:25-cv-00002-YK, Dkt. 1 (M.D. Pa.) (Weingrad Complaint No. 24), ¶ 28; *Leon Weingrad v. LifeWave, Inc.*, 3:25-cv-00752-AN, Dkt. 1 (D. Or.) (Weingrad Complaint No. 26), ¶ 17; *Leon Weingrad v. DaBella Exteriors LLC*, 3:25-cv-00396-SI, Dkt. 1 (D. Or.) (Weingrad Complaint No. 31), ¶ 16.

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

"cut and paste" complaints, the defendants mistakenly referred to Plaintiff as "Joseph" or "Joe," as Xero Shoes did in this case. *Compare Leon Weingrad v. BuyerLink Inc., 3:24-cv-02114-IM, Dkt. 1 (D. Or.)* (Weingrad Complaint No. 3), ¶¶ 40, 42, 49; *Leon Weingrad v. LifeWave, Inc., 3:25-cv-00752-AN, Dkt. 1 (D. Or.)* (Weingrad Complaint No. 26), ¶¶ 29, 30, 34 *with* Sega Dec., Ex. 1, pp. 3.[3]

In certain complaints, Plaintiff quotes text messages that he allegedly received from the defendants that include opt-out instructions that are similar to the ones in this case, yet by Plaintiff's own allegations, he failed to comply with those instructions, as he did here.[4]  For example, in *Weingrad v. Denny's Inc.*, Plaintiff quotes 12 messages that he allegedly received, all of which state: "Reply HELP for help or STOP to cancel." *Leon Weingrad v. Denny's Inc., 3:26-cv-00342-JR, Dkt. 1 (D. Or.)* (Weingrad Complaint No. 1), ¶ 32.  Plaintiff does not allege that he responded by texting "STOP."  Instead, Plaintiff alleges that "on November 1, 2025, the Plaintiff indicated to Defendant that it was likely communicating with a wrong number," (*id*. at ¶ 21) which is almost identical to Plaintiff's "wrong number" allegation in this case (Complaint, ¶ 21).[5]  In

---

[3] As discussed above, "[Plaintiff] believe[s]" that an individual named "Joseph Arnold" "was the previous person to whom [his 503 Number had been] assigned."  Karagheuzoff Dec., Ex. A, ¶ 28.

[4] *Leon Weingrad v. Denny's Inc., 3:26-cv-00342-JR, Dkt. 1 (D. Or.)* (Weingrad Complaint No. 1), ¶¶ 21-22, 32; *Leon Weingrad v. Block Equity Group LLC, 2:24-cv-02618-GRB-AYS, Dkt. 1 (E.D.N.Y.)* (Weingrad Complaint No. 2), ¶ 22; *Leon Weingrad v. Premium Merchant Funding One, LLC, 2:24-cv-06247, Dkt. 1 (E.D. Pa.)* (Weingrad Complaint No. 12), ¶ 26; *Leon Weingrad v. Quotewizard.com, LLC, 1:25-cv-00002-YK, Dkt. 1 (M.D. Pa.)* (Weingrad Complaint No. 24), ¶ 38; *Leon Weingrad v. Franchise Creator, LLC, 1:25-cv-22746-CMA, Dkt. 1 (S.D. Fla.)* (Weingrad Complaint No. 28), ¶ 31.

[5] The only difference is that in this case, Weingrad sent his "wrong number" message on November 6, 2025 (Complaint, ¶ 21) – five days after the alleged "wrong number" text in *Weingrad v. Denny's Inc*.

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

*Weingrad v. Denny's Inc.*, Plaintiff also allegedly texted "No more texts please.  This is disturbing my life," not "STOP."  *Leon Weingrad v. Denny's Inc.*, 3:26-cv-00342-JR, Dkt. 1 (D. Or.) (Weingrad Complaint No. 1), ¶ 22.  Notably, nearly three weeks after receiving Xero Shoes' last message, Plaintiff sent a nearly identical text to Xero Shoes stating: "Please halt these texts please. They are disturbing my life."  Sega Dec., Ex. 1, p. 4.

## CONCLUSION

For the foregoing reasons, Xero Shoes respectfully requests that the Court take judicial notice of the above-documents in its determination of Xero Shoes' Motion.


Dated: March 17, 2026


                                        DORSEY & WHITNEY LLP


                                        */s/ Shawn Larsen-Bright*
                                        Shawn Larsen-Bright, OSB 130051
                                        Dorsey & Whitney LLP
                                        701 Fifth Avenue, Suite 6100
                                        Seattle, WA 98104-7043
                                        (206) 903-8800
                                        larsen.bright.shawn@dorsey.com

                                        Christopher G. Karagheuzoff (pro hac vice
                                        forthcoming)
                                        karagheuzoff.christopher@dorsey.com
                                        Christopher Paolino (pro hac vice forthcoming)
                                        paolino.christopher@dorsey.com
                                        John Mixon (pro hac vice forthcoming)
                                        Mixon.John@dorsey.com
                                        Dorsey & Whitney LLP
                                        51 West 52nd Street
                                        New York, NY 10019
                                        Telephone: (212) 415-9200

                                        *Attorneys for Defendant Feel the World, Inc.
                                        d/b/a Xero Shoes*

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record registered on the CM/ECF system.

Dated this 17th day of March, 2026.

*/s/ Molly Price*
Molly Price, Legal Assistant

12

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB