Shawn Larsen-Bright, OSB 130051
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
(206) 903-8800
larsen.bright.shawn@dorsey.com

Christopher G. Karagheuzoff (admitted pro hac vice)
karagheuzoff.christopher@dorsey.com
Christopher Paolino (pro hac vice forthcoming)
paolino.christopher@dorsey.com
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200

*Attorneys for Defendant Feel the*
*World, Inc. d/b/a Xero Shoes*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

LEON WEINGRAD, individually and on
behalf of a class of all persons and entities
similarly situated,

Plaintiff,

vs.

FEEL THE WORLD, INC. d/b/a XERO
SHOES,

Defendant.

Civ. No. 3:26-cv-00001-SB

**DEFENDANT'S REQUEST FOR
JUDICIAL NOTICE IN SUPPORT OF ITS
MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT AND/OR
STRIKE OR DISMISSS PLAINTIFF'S
CLASS ALLEGATIONS**

## <u>REQUEST FOR JUDICIAL NOTICE</u>

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Feel the World, Inc.

d/b/a Xero Shoes ("Xero Shoes" or "Defendant") respectfully requests that the Court take judicial

notice of certain documents in connection with Xero Shoes' motion to (1) dismiss Plaintiff Leon

Weingrad's ("Plaintiff" or "Weingrad") First Amended Complaint ("FAC") (Dkt. 1) in its entirety,

pursuant to Fed. R. Civ. P. 12(b)(6); or, alternatively, (2) dismiss or strike Plaintiff's class

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

allegations pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(f), respectively, as facially uncertifiable

("Motion").  Specifically, Xero Shoes requests that the Court take judicial notice of the 34 other

Telephone Consumer Protection Act ("TCPA") complaints that Plaintiff has filed in various

United States District Courts ("Weingrad Complaints").  Below is a list of the 34 Weingrad

Complaints, which are hyperlinked:[1]

| | |
|---|---|
| Weingrad Complaint No. 1 | *Leon Weingrad v. Denny's Inc.*, 3:26-cv-00342-JR, Dkt. 1 (D. Or.) |
| Weingrad Complaint No. 2 | *Leon Weingrad v. Block Equity Group LLC*, 2:24-cv-02618-GRB-AYS, Dkt. 1 (E.D.N.Y.) |
| Weingrad Complaint No. 3 | *Leon Weingrad v. BuyerLink Inc.*, 3:24-cv-02114-IM, Dkt. 1 (D. Or.) |
| Weingrad Complaint No. 4 | *Leon Weingrad v. CHW Group, Inc.*, 3:25-cv-00370-HZ, Dkt. 1 (D. Or.) |
| Weingrad Complaint No. 5 | *Leon Weingrad v. National Health Enrolment Centre*, 2:23-cv-05114-GEKP, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 6 | *Leon Weingrad v. PosiGen Developer, LLC*, 2:24-cv-06503, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 7 | *Leon Weingrad v. RFR Capital LLC*, 2:24-cv-02636-JDW, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 8 | *Leon Weingrad v. Tier One Insurance Company*, 4:25-cv-00124-CDL, Dkt. 1 (M.D. Ga.) |
| Weingrad Complaint No. 9 | *Leon Weingrad v. Westmount Funding LLC*, 2:24-cv-03705, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 10 | *Leon Weingrad v. Synergy BPO LLC*, 4:24-cv-00610-P, Dkt. 1 (E.D. Tex.) |
| Weingrad Complaint No. 11 | *Leon Weingrad v. Slingshot Enterprises Inc.*, 2:24-cv-03736, Dkt. 1 (E.D.N.Y.) |
| Weingrad Complaint No. 12 | *Leon Weingrad v. Premium Merchant Funding One, LLC*, 2:24-cv-06247, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 13 | *Leon Weingrad v. New York Tribeca Group LLC*, 2:25-cv-06450, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 14 | *Leon Weingrad v. K9 Bookkeeping, LLC*, 1:24-cv-06256, Dkt. 1 (S.D.N.Y.) |
| Weingrad Complaint No. 15 | *Leon Weingrad v. IBAN Global LLC*, 2:24-cv-04212, Dkt. 1 (E.D. Pa.) |

---

[1] Given the volume of the Weingrad Complaints, these complaints are listed and individually hyperlinked, rather than attached as exhibits.  Should the Court prefer that Xero Shoes file each of the Weingrad Complaints as separate exhibits, Xero Shoes is willing to do so.

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

| | |
|---|---|
| Weingrad Complaint No. 16 | *Leon Weingrad v. Exact Care Pharmacy, LLC*, 2:25-cv-01843, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 17 | *Leon Weingrad v. Direct Health Solutions Insurance Agency LLC*, 0:24-cv-62282-MD, Dkt. 1 (S.D. Fla.) |
| Weingrad Complaint No. 18 | *Leon Weingrad v. Baker Solutions Inc.*, 2:25-cv-01792, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 19 | *Leon Weingrad v. DH & RK Investments LLC*, 2:24-cv-05981-MEMF-MAR, Dkt. 1 (C.D. Cal.) (transferred from *Leon Weingrad v. DH & RK Investments LLC*, 9:24-cv-80701-RLR, Dkt. 1 (S.D. Fla.)) |
| Weingrad Complaint No. 20 | *Leon Weingrad v. Yelp Inc.*, 1:24-cv-01330-YK, Dkt. 1 (M.D. Pa.) |
| Weingrad Complaint No. 21 | *Leon Weingrad v. Top Healthcare Options Insurance Agency Inc.*, 0:24-cv-61930-JEM, Dkt. 1 (S.D. Fla.) |
| Weingrad Complaint No. 22 | *Leon Weingrad v. Ticket Takedown LLC*, 3:25-cv-01477-SB, Dkt. (D. Or.) |
| Weingrad Complaint No. 23 | *Leon Weingrad v. SmartMatch Insurance Agency, LLC*, 1:24-cv-02067-YK, Dkt. 1 (M.D. Pa.) |
| Weingrad Complaint No. 24 | *Leon Weingrad v. Quotewizard.com, LLC*, 1:25-cv-00002-YK, Dkt. 1 (M.D. Pa.) |
| Weingrad Complaint No. 25 | *Leon Weingrad v. QuoteLab, LLC*, 2:23-cv-05007, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 26 | *Leon Weingrad v. LifeWave, Inc.*, 3:25-cv-00752-AN, Dkt. 1 (D. Or.) |
| Weingrad Complaint No. 27 | *Leon Weingrad v. Fund Mate, LLC*, 2:24-cv-04716, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 28 | *Leon Weingrad v. Franchise Creator, LLC*, 1:25-cv-22746-CMA, Dkt. 1 (S.D. Fla.) |
| Weingrad Complaint No. 29 | *Leon Weingrad v. First American Home Warranty Corporation*, 2:24-cv-05488, Dkt. 1 (E.D. Pa.) |
| Weingrad Complaint No. 30 | *Leon Weingrad v. EverQuote, Inc.*, 1:26-cv-10197, Dkt. 1 (D. Mass.) |
| Weingrad Complaint No. 31 | *Leon Weingrad v. DaBella Exteriors LLC*, 3:25-cv-00396-SI, Dkt. 1 (D. Or.) |
| Weingrad Complaint No. 32 | *Leon Weingrad v. Business Capital LLC*, 2:25-cv-06344, Dkt. 1 (E.D. Pa.) |

| | |
|---|---|
| Weingrad Complaint No. 33 | *Leon Weingrad v. My Compass Group Inc.*, 2:26-cv-01518, Dkt. 1 (E.D.N.Y.) |
| Weingrad Complaint No. 34 | *Leon Weingrad v. Hammer Contractors LLC*, 3:26-cv-00708-AR, Dkt. 1 (D. Or.) |

The Court should judicially notice the 34 Weingrad Complaints, which Xero Shoes introduces not for the truth of their contents, but to establish the complaints' existence and the

3

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

similarity of their allegations and claims to those in this case. Pleadings filed in district courts, such as the Weingrad Complaints, are matters of public record and therefore, proper subjects of judicial notice. *See Epps v. Earth Fare, Inc.*, 2017 WL 1424637, at *3 (C.D. Cal. Feb. 27, 2017); *Miller v. Arizona Beverages USA LLC*, 2024 WL 5339466, at *1 (N.D. Cal. June 5, 2024) ("Documents filed in district courts are matters of public record and therefore proper subjects of judicial notice."); *Thomas v. Adler*, 439 F. App'x 662, 663 (9th Cir. 2011) ("We grant the government's request that we take judicial notice of the documents filed in Thomas's previous action in the United States District Court for the District of Oregon.").

The *Epps* court similarly took judicial notice of the plaintiff's prior TCPA complaints, where the defendant argued that plaintiff – a serial TCPA plaintiff, like Plaintiff here – "manufactured" his lawsuit. *Epps*, 2017 WL 1424637, at *3. *Epps* explained:

> The Court takes judicial notice of Exhibits 1-3, which Defendant introduces solely for their existence and the similarity of the allegations and claims with those in this matter…. These three complaints are public documents filed in the District Court for the Central District of California, which are proper matters for judicial notice. *See, e.g.*, *In Re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014). Without considering the truth of their contents, the Court judicially notices the fact that, including the instant action, Plaintiff filed four TCPA lawsuits in district court between November 3, 2016 and December 6, 2016…. The complaints, including the instant one, each allege that: Plaintiff consented to receive automated commercial text messages from the respective defendants, the defendant sent these messages using an ATDS, and Plaintiff subsequently withdrew consent to receive further messages but continued to receive the messages.

*Id*., at *2.

Similar to this case, the Weingrad Complaints allege TCPA claims based on purportedly unwanted communications from the defendants in those cases. *See generally* Weingrad Complaint Nos. 1-34. In certain complaints, Plaintiff quotes text messages that he allegedly received from the defendants that include opt-out instructions that are similar to the ones in this case, yet by

4

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

Plaintiff's own allegations, he failed to comply with those instructions, as he did here.[2]  For example, in *Weingrad v. Denny's Inc.*, Plaintiff quotes 12 messages that he allegedly received, all of which state: "Reply HELP for help or STOP to cancel."  *Leon Weingrad v. Denny's Inc.*, 3:26-cv-00342-JR, Dkt. 1 (D. Or.) (Weingrad Complaint No. 1), ¶ 32.  Plaintiff does not allege that he responded by texting "STOP."  Instead, Plaintiff alleges that "on November 1, 2025, the Plaintiff indicated to Defendant that it was likely communicating with a wrong number" (*id*. at ¶ 21), which is almost identical to Plaintiff's "wrong number" allegation in this case (FAC, ¶ 28).[3]  In *Weingrad v. Denny's Inc.*, Plaintiff also allegedly texted "No more texts please.  This is disturbing my life," not "STOP."  *Leon Weingrad v. Denny's Inc.*, 3:26-cv-00342-JR, Dkt. 1 (D. Or.) (Weingrad Complaint No. 1), ¶ 22.  Notably, nearly three weeks after receiving Xero Shoes' last message, Plaintiff sent a nearly identical text to Xero Shoes stating: "Please halt these texts please.  They are disturbing my life."  FAC, Ex. A, p. 3.  None of these texts reply "STOP," as Plaintiff was clearly instructed.

In *Weingrad v. My Compass Group Inc.*, Plaintiff received two purportedly unwanted text messages that provided "Text STOP to cancel," similar to this case.  *Leon Weingrad v. My*

---

[2] *Leon Weingrad v. Denny's Inc.*, 3:26-cv-00342-JR, Dkt. 1 (D. Or.) (Weingrad Complaint No. 1), ¶¶ 21-22, 32; *Leon Weingrad v. Block Equity Group LLC*, 2:24-cv-02618-GRB-AYS, Dkt. 1 (E.D.N.Y.) (Weingrad Complaint No. 2), ¶ 22; *Leon Weingrad v. Premium Merchant Funding One, LLC*, 2:24-cv-06247, Dkt. 1 (E.D. Pa.) (Weingrad Complaint No. 12), ¶ 26; *Leon Weingrad v. Quotewizard.com, LLC*, 1:25-cv-00002-YK, Dkt. 1 (M.D. Pa.) (Weingrad Complaint No. 24), ¶ 38; *Leon Weingrad v. Franchise Creator, LLC*, 1:25-cv-22746-CMA, Dkt. 1 (S.D. Fla.) (Weingrad Complaint No. 28), ¶ 31; *Leon Weingrad v. My Compass Group Inc.*, 2:26-cv-01518, Dkt. 1 (E.D.N.Y.) (Weingrad Complaint No. 33), ¶¶ 20-21.

[3] The only difference is that in this case, Weingrad sent his "wrong number" message on November 6, 2025 (FAC, ¶ 28) – just five days after the alleged "wrong number" text in *Weingrad v. Denny's Inc*.

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

*Compass Group Inc.*, 2:26-cv-01518, Dkt. 1 (E.D.N.Y.) (Weingrad Complaint No. 33), ¶¶ 20-21.

Also similar to this case, Plaintiff texted "Wrong number," instead of "STOP." *Id*. at ¶ 21.

## **CONCLUSION**

For the foregoing reasons, Xero Shoes respectfully requests that the Court take judicial notice of the above documents in its determination of Xero Shoes' Motion.

Dated: April 28, 2026

DORSEY & WHITNEY LLP

*/s/ Shawn Larsen-Bright*
Shawn Larsen-Bright, OSB 130051
Dorsey & Whitney LLP
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
(206) 903-8800
larsen.bright.shawn@dorsey.com

Christopher G. Karagheuzoff (admitted pro hac vice)
karagheuzoff.christopher@dorsey.com
Christopher Paolino (pro hac vice forthcoming)
paolino.christopher@dorsey.com
Dorsey & Whitney LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 415-9200

*Attorneys for Defendant Feel the World, Inc. d/b/a Xero Shoes*

6

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record registered on the CM/ECF system.

Dated this 28th day of April, 2026.

*/s/ Molly Price*
Molly Price, Legal Assistant

7

DEFENDANT'S REQUEST FOR JUDICIAL NOTICE
Civ. No. 3:26-cv-00001-SB